Brian R. Talcott, OSB No. 965371
DUNN CARNEY LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204
Telephone: (503) 224-6440
Facsimile: (503) 224-7324
E-mail: btalcott@dunncarney.com

Cary D. Sullivan (*PHV app. pending*)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: (949) 851-3939
Facsimile: (949) 553-7539
E-mail: carysullivan@jonesday.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| ESHA RESEARCH, INC., now known as TRUSTWELL, <br> Plaintiff, <br><br> v. <br><br> CRONOMETER SOFTWARE, INC., formerly known as BIGCRUNCH CONSULTING, LTD., and DOES 1-20. <br><br> Defendants. | Civil No. 3:24-cv-01586-AB <br><br> **PLAINTIFF'S ANSWER TO COUNTERCLAIMS** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Trustwell, formerly known as ESHA Research, Inc. ("Trustwell"), by and through its undersigned counsel, hereby answers the counterclaims for declaratory judgment and purported antitrust violations, and the underlying "Statement of Facts Concerning Counterclaims," filed by defendant Cronometer Software, Inc., formerly known as BigCrunch Consulting, Ltd.

Page 1    PLAINTIFF'S ANSWER TO COUNTERCLAIMS

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

DCAPDX\5411533.v1

("Cronometer"), and asserts the affirmative defenses listed below. Any allegations not expressly admitted below are hereby denied, generally and specifically.

Setting aside Cronometer's declaratory relief counterclaims (counterclaims I through V), which merely seek a "Judgment of No Liability" as to Trustwell's causes of action and thus are neither valid nor proper, Cronometer's antitrust counterclaim (counterclaim VI) is a work of utter fiction, replete with misstatements and misrepresentations. To the extent Cronometer continues to maintain such falsities, Trustwell may seek relief under Rule 11 at the appropriate time.

## <u>STATEMENT OF FACTS CONCERNING COUNTERCLAIMS</u>

1.      In response to paragraph 1 of the counterclaims, the counterclaims speak for themselves.

2.      In response to paragraph 2 of the counterclaims, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

3.      In response to paragraph 3 of the counterclaims, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

4.      In response to paragraph 4 of the counterclaims, Trustwell denies that "North America has only four participants in this [food tracking software] market, including Trustwell and Cronometer." Trustwell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

5.      In response to paragraph 5 of the counterclaims, Trustwell's complaint speaks for itself.

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

DCAPDX\5411533.v1

6.      In response to paragraph 6 of the counterclaims, Trustwell's complaint speaks for itself.  Trustwell further responds that this paragraph asserts legal conclusions to which no response is required.

7.      In response to paragraph 7 of the counterclaims, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein. Trustwell further responds that this paragraph asserts legal conclusions to which no response is required.

8.      In response to paragraph 8 of the counterclaims, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein. Trustwell further responds that this paragraph asserts legal conclusions to which no response is required.

9.      In response to paragraph 9 of the counterclaims, Trustwell admits that it was founded in 1981, and that "[o]ver the years, [it] has had a number of divisions and produced a number of products."  Trustwell's "current website" speaks for itself.

10.      In response to paragraph 10 of the counterclaims, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11.      In response to paragraph 11 of the counterclaims, Trustwell admits that it launched Food Processor, software for recipe and nutrition analysis, in 1984, and that it is and has been used by nutritionists, dieticians, restaurants, and education facilities, among other clients.  Trustwell is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

Page 3        PLAINTIFF'S ANSWER TO COUNTERCLAIMS

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

DCAPDX\5411533.v1

12.     In response to paragraph 12 of the counterclaims, Trustwell admits that it owns Food Processor.  The remainder of the allegations constitute legal conclusions to which no response is required.

13.     In response to paragraph 13 of the counterclaims, Trustwell denies that it has more than 130 employees.  Trustwell is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.  However, the allegations in this paragraph, even if true, are irrelevant and misleading.  The price that Cronometer paid to access and use Trustwell's database, pursuant to Cronometer's license agreement with Trustwell, remained constant and never increased over the nine-year life of Cronometer's license.

14.     In response to paragraph 14 of the counterclaims, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Trustwell further responds that this paragraph asserts legal conclusions to which no response is required.

15.     In response to paragraph 15 of the counterclaims, Trustwell denies the allegations contained therein.  ESHA Research, Inc. offered a product called "ESHATrak," which is now offered through Trustwell, but that is not the purported product identified in this paragraph.

16.     In response to paragraph 16 of the counterclaims, Trustwell admits that it created, uses, and licenses, in whole or in part, to certain third parties a food and nutrition database that includes, among other things, restaurant foods, name brand foods, and other types of food. Trustwell denies the remainder of the allegations contained therein.

17.     In response to paragraph 17 of the counterclaims, Trustwell denies the allegations contained therein.

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

18.     In response to paragraph 18 of the counterclaims, Trustwell denies the allegations contained therein.

19.     In response to paragraph 19 of the counterclaims, Trustwell denies the allegations contained therein.

20.     In response to paragraph 20 of the counterclaims, Trustwell denies the allegations contained therein.

21.     In response to paragraph 21 of the counterclaims, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

22.     In response to paragraph 22 of the counterclaims, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

23.     In response to paragraph 23 of the counterclaims, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

24.     In response to paragraph 24 of the counterclaims, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

25.     In response to paragraph 25 of the counterclaims, Trustwell admits that Cronometer approached Trustwell in early 2015 to request a license to access and use its food and nutrition database.  Trustwell is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

26.     In response to paragraph 26 of the counterclaims, Trustwell admits that Aaron Davidson communicated with ESHA Research, Inc. Product Consultant Chris Eakin about a

Page 5      PLAINTIFF'S ANSWER TO COUNTERCLAIMS

potential license to access and use the food and nutrition database, that Mr. Davidson told Mr. Eakin that he intended to use the database in connection with a "Personal Diet / Nutrition / Fitness Tracker" for use with "Consumers," and that after Mr. Eakin provided him with the license agreement, Mr. Davidson responded, "I don't see anything objectionable in the contract." Trustwell further admits that, through Food Processor, Cronometer had access to the entirety of Trustwell's food and nutrition database.  Trustwell denies the remainder of the allegations contained therein.

27.    In response to paragraph 27 of the counterclaims, Trustwell admits that Mr. Eakin sent Mr. Davidson a database access license agreement on February 3, 2015, which document speaks for itself.  Trustwell denies the remainder of the allegations contained therein.

28.    In response to paragraph 28 of the counterclaims, Trustwell responds that Cronometer references a database access license agreement that speaks for itself.

29.    In response to paragraph 29 of the counterclaims, Trustwell responds that Cronometer references a database access license agreement that speaks for itself.

30.    In response to paragraph 30 of the counterclaims, Trustwell denies the allegations contained therein.  After receiving the database access license agreement, Mr. Davidson told Mr. Eakin, "I don't see anything objectionable in the contract."  Mr. Davidson subsequently executed and returned the license agreement, thereby confirming his and Cronometer's agreement to its terms, conditions, and protections.  Mr. Davidson renewed the license agreement annually until 2024, thereby annually reconfirming his and Cronometer's agreement to its terms, conditions, and protections.  That Mr. Davidson and Cronometer apparently never intended to comply with those terms, conditions, and protections was not known or understood by Trustwell.

31.    In response to paragraph 31 of the counterclaims, Trustwell denies the allegations contained therein.  This paragraph also references a database access license agreement that speaks for itself.

Page 6        PLAINTIFF'S ANSWER TO COUNTERCLAIMS

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

DCAPDX\5411533.v1

32.    In response to paragraph 32 of the counterclaims, Trustwell denies the allegations contained therein.

33.    In response to paragraph 33 of the counterclaims, Trustwell denies that it ever had or maintained separate "Branded Foods," "Restaurant," or "Common Foods" databases.  Trustwell created, uses, and licenses, in whole or in part, a single food and nutrition database that includes, among other things, restaurant foods, name brand foods, and other types of food.  Trustwell provided portions of that database to Cronometer, along with updates, at least annually, pursuant to the terms, conditions, and protections of the license agreement.  Cronometer also accessed the database through Food Processor.

34.    In response to paragraph 34 of the counterclaims, Trustwell denies the allegations contained therein.

35.    In response to paragraph 35 of the counterclaims, Trustwell responds that the allegations reference unspecified and unattached documents that speak for themselves.  Trustwell denies the remainder of the allegations contained therein.

36.    In response to paragraph 36 of the counterclaims, Trustwell responds that the allegations refer to emails that speak for themselves, but which do not convey or reflect that Mr. Davidson and Cronometer apparently never intended to comply with terms, conditions, and protections of the license agreement.

37.    In response to paragraph 37 of the counterclaims, Trustwell responds that the allegations reference unspecified and unattached emails that speak for themselves, but which do not convey or reflect that Mr. Davidson and Cronometer apparently never intended to comply with the terms, conditions, and protections of the license agreement.

38.    In response to paragraph 38 of the counterclaims, Trustwell responds that the allegations reference unspecified and unattached emails that speak for themselves, but which do

Page 7       PLAINTIFF'S ANSWER TO COUNTERCLAIMS

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

DCAPDX\5411533.v1

not convey or reflect that Mr. Davidson and Cronometer apparently never intended to comply with the terms, conditions, and protections of the license agreement.

39.    In response to paragraph 39 of the counterclaims, Trustwell responds that the allegations reference unspecified and unattached emails that speak for themselves, but which do not convey or reflect that Mr. Davidson and Cronometer apparently never intended to comply with the terms, conditions, and protections of the license agreement.

40.    In response to paragraph 40 of the counterclaims, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

41.    In response to paragraph 41 of the counterclaims, Trustwell responds that the allegations reference unspecified and unattached emails that speak for themselves, but which do not convey or reflect that Mr. Davidson and Cronometer apparently never intended to comply with the terms, conditions, and protections of the license agreement.  Trustwell denies the remainder of the allegations contained therein.

42.    In response to paragraph 42 of the counterclaims, Trustwell responds that the allegations reference emails that speak for themselves, but which do not convey or reflect that Mr. Davidson and Cronometer apparently never intended to comply with the terms, conditions, and protections of the license agreement.

43.    In response to paragraph 43 of the counterclaims, Trustwell responds that the allegations reference emails that speak for themselves, but which do not convey or reflect that Mr. Davidson and Cronometer apparently never intended to comply with the terms, conditions, and protections of the license agreement.

44.    In response to paragraph 44 of the counterclaims, Trustwell responds that the allegations reference emails that speak for themselves, but which do not convey or reflect that Mr.

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

Davidson and Cronometer apparently never intended to comply with the terms, conditions, and protections of the license agreement.

45. In response to paragraph 45 of the counterclaims, Trustwell denies the allegations contained therein.

46. In response to paragraph 46 of the counterclaims, Trustwell responds that the allegations reference emails that speak for themselves, but which do not convey or reflect that Mr. Davidson and Cronometer apparently never intended to comply with the terms, conditions, and protections of the license agreement.

47. In response to paragraph 47 of the counterclaims, Trustwell responds that the allegations reference unspecified and unattached emails that speak for themselves, but which do not convey or reflect that Mr. Davidson and Cronometer apparently never intended to comply with the terms, conditions, and protections of the license agreement.

48. In response to paragraph 48 of the counterclaims, Trustwell responds that the allegations reference emails that speak for themselves, but which do not convey or reflect that Mr. Davidson and Cronometer apparently never intended to comply with the terms, conditions, and protections of the license agreement.

49. In response to paragraph 49 of the counterclaims, Trustwell responds that the allegations reference unspecified and unattached emails that speak for themselves, but which do not convey or reflect that Mr. Davidson and Cronometer apparently never intended to comply with the terms, conditions, and protections of the license agreement.

50. In response to paragraph 50 of the counterclaims, Trustwell responds that the allegations reference emails that speak for themselves, but which do not convey or reflect that Mr. Davidson and Cronometer apparently never intended to comply with the terms, conditions, and protections of the license agreement.

Page 9     PLAINTIFF'S ANSWER TO COUNTERCLAIMS

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

51.    In response to paragraph 51 of the counterclaims, Trustwell responds that the allegations reference emails that speak for themselves, but which do not convey or reflect that Mr. Davidson and Cronometer apparently never intended to comply with the terms, conditions, and protections of the license agreement.

52.    In response to paragraph 52 of the counterclaims, Trustwell responds that it did not notify Cronometer until recently of its breaches of contract and other violations of federal and state law because Trustwell was not aware of such breaches and violations until recently.  Trustwell denies the remainder of the allegations contained therein.

53.    In response to paragraph 53 of the counterclaims, Trustwell responds that this paragraph references a database access license agreement that speaks for itself.

54.    In response to paragraph 54 of the counterclaims, Trustwell responds that it did not notify Cronometer of its breaches of contract and other violations of federal and state law because Trustwell was not aware of such breaches and violations until recently.  Trustwell further responds that this paragraph references unidentified and unattached emails that speak for themselves. Trustwell is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

55.    In response to paragraph 55 of the counterclaims, Trustwell responds that this paragraph references a database access license agreement that speaks for itself.  Trustwell further responds that this paragraph asserts legal conclusions to which no response is required.

56.    In response to paragraph 56 of the counterclaims, Trustwell responds that this paragraph refers to unidentified and unattached emails that speak for themselves, but which do not convey or reflect that Mr. Davidson and Cronometer apparently never intended to comply with the terms, conditions, and protections of the license agreement.  Trustwell denies the remaining allegations contained therein.

Page 10        PLAINTIFF'S ANSWER TO COUNTERCLAIMS

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

57.     In response to paragraph 57 of the counterclaims, Trustwell admits that it licenses certain of its products, including its food and nutrition database and Genesis Foods, to certain third parties pursuant to license agreements.  Trustwell denies the remainder of the allegations contained therein, which include legal conclusions to which no response is required.

58.     In response to paragraph 58 of the counterclaims, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

59.     In response to paragraph 59 of the counterclaims, Trustwell admits that Cronometer continued to access and use at least portions of its database, pursuant to the terms, conditions, and protections of the license agreement, until 2024, and that Trustwell provided Cronometer with updates to the database at least annually.  In fact, Cronometer continued to access and use at least portions of the database even after its license expired.  Trustwell further admits that Chris Eakin became Director of Sales in October 2015.  Trustwell further responds that this paragraph references unidentified and unattached emails that speak for themselves.  Trustwell denies the remainder of the allegations contained therein.

60.     In response to paragraph 60 of the counterclaims, Trustwell denies the allegations contained therein.  Trustwell never had or maintained a separate "Common Foods database."

61.     In response to paragraph 61 of the counterclaims, Trustwell denies the allegations contained therein.  Trustwell never had or maintained a separate "Common Foods database."

62.     In response to paragraph 62 of the counterclaims, Trustwell admits the allegations contained therein because it never had or maintained a separate "Common Foods database." Cronometer did, however, license, access, and use Trustwell's food and nutrition database, pursuant to the terms, conditions, and protections of the license agreement.

63.     In response to paragraph 63 of the counterclaims, Trustwell denies the allegations contained therein.  Trustwell never had or maintained a separate "Common Foods database."

Page 11     PLAINTIFF'S ANSWER TO COUNTERCLAIMS

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

DCAPDX\5411533.v1

Cronometer did, however, license, access, and use Trustwell's food and nutrition database, pursuant to the terms, conditions, and protections of the license agreement.

64.     In response to paragraph 64 of the counterclaims, Trustwell responds that it never had or maintained a separate "Common Foods database" and therefore Cronometer could not have used such database. Cronometer did, however, license, access, and use Trustwell's food and nutrition database, pursuant to the terms, conditions, and protections of the license agreement.

65.     In response to paragraph 65 of the counterclaims, Trustwell responds that the allegations reference unidentified and unattached emails that speak for themselves, but which do not convey or reflect that Mr. Davidson and Cronometer apparently never intended to comply with the terms, conditions, and protections of the license agreement, or that Trustwell was aware that Cronometer was not complying with such terms, conditions, and protections.

66.     In response to paragraph 66 of the counterclaims, Trustwell responds that the allegations reference emails that speak for themselves, but which do not convey or reflect that Mr. Davidson and Cronometer apparently never intended to comply with the terms, conditions, and protections of the license agreement.

67.     In response to paragraph 67 of the counterclaims, Trustwell denies that it "supported Cronometer's use of the database in its public-facing software, notwithstanding some nominal potential overlap in terms of clients." Trustwell was not aware until recently that Cronometer secretly leveraged Trustwell's food and nutrition database to create a competing product designed specifically for health professionals, universities, and healthcare institutions, which product competes directly with Trustwell. Trustwell denies the remainder of the allegations contained therein.

68.     In response to paragraph 68 of the counterclaims, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

Page 12     PLAINTIFF'S ANSWER TO COUNTERCLAIMS

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

69.    In response to paragraph 69 of the counterclaims, Trustwell admits that ESHA merged with FoodLogiQ in 2022 after which the company rebranded as Trustwell. Trustwell further admits that investment for the transaction was provided by a global private equity investor. Trustwell denies the remainder of the allegations contained therein.

70.    In response to paragraph 70 of the counterclaims, Trustwell admits that Cronometer continued to access and use at least portions of its food and nutrition database, pursuant to the terms, conditions, and protections of the license agreement, until 2024, and that Trustwell provided Cronometer with updates to the database at least annually. In fact, Cronometer continued to access and use at least portions of the database even after its license expired. Trustwell further responds that this paragraph references unidentified and unattached emails that speak for themselves. Trustwell denies the remainder of the allegations contained.

71.    In response to paragraph 71 of the counterclaims, Trustwell responds that this paragraph references unidentified and unattached emails that speak for themselves. Trustwell denies the remainder of the allegations contained therein.

72.    In response to paragraph 72 of the counterclaims, Trustwell admits that Cronometer continued to access and use at least portions of its food and nutrition database, pursuant to the terms, conditions, and protections of the license agreement, until 2024, and that Trustwell provided Cronometer with updates to the database at least annually. In fact, Cronometer continued to access and use the database even after its license expired.

73.    In response to paragraph 73 of the counterclaims, Trustwell denies the allegations, contained therein, which include legal conclusions to which no response is required.

Page 13    PLAINTIFF'S ANSWER TO COUNTERCLAIMS

DCAPDX\5411533.v1

74.     In response to paragraph 74 of the counterclaims, Trustwell responds that this paragraph references documents that speak for themselves.[1]

75.     In response to paragraph 75 of the counterclaims, Trustwell responds that this paragraph references documents that speak for themselves, and grossly misrepresents and mischaracterizes the content of such documents.  Trustwell denies the remainder of the allegations in this paragraph, which include legal conclusions to which no response is required.

76.     In response to paragraph 76 of the counterclaims, Trustwell responds that this paragraph references documents that speak for themselves, and grossly misrepresents and mischaracterizes the content of such documents.  Trustwell denies that it made any false statements.

77.     In response to paragraph 77 of the counterclaims, Trustwell responds that this paragraph references documents that speak for themselves, and grossly misrepresents and mischaracterizes the content of such documents.  Trustwell denies that it made any false statements.

78.     In response to paragraph 78 of the counterclaims, Trustwell responds that this paragraph references documents that speak for themselves, and grossly misrepresents and mischaracterizes the content of such documents.  Trustwell never had or maintained a "Common Foods database."  Trustwell denies the remainder of the allegations contained therein, including that it made any false statements.

---

[1] On August 30, 2024, Cronometer's counsel wrote to Trustwell's counsel to request the removal from Trustwell's complaint of "any reference to the parties' [pre-suit] discussions," pursuant to Federal Rule of Evidence 408.  However, given Cronometer's liberal reference to and recitation (however misrepresented) of such discussions in this paragraph and elsewhere, throughout Cronometer's answer and counterclaims, Cronometer apparently no longer contends that such discussions are encompassed or protected by Rule 408.  Trustwell will proceed accordingly.

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

79.     In response to paragraph 79 of the counterclaims, Trustwell responds that this paragraph references documents that speak for themselves, and falsely states that the assertions contained therein are false.  Trustwell denies that it made any false statements.

80.     In response to paragraph 80 of the Counterclaims, Trustwell responds that this paragraph references documents that speak for themselves, and misrepresents and mischaracterizes the content of such documents.  For example, in its cease-and-desist letter, Trustwell's counsel requested written confirmation – not compliance itself – within three days that Cronometer would comply with the mitigation steps outlined in the letter.

81.     In response to paragraph 81 of the counterclaims, Trustwell denies that it made any false statements.  Trustwell is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

82.     In response to paragraph 82 of the counterclaims, Trustwell admits that its CEO spoke with Mr. Davidson in July 2024.  However, this paragraph grossly misrepresents and mischaracterizes the substance of that discussion.  For example, Trustwell's CEO expressly requested copies of the emails that Mr. Davidson referenced as supporting Cronometer's position, but Mr. Davidson and Cronometer never provided any such emails.  Trustwell's CEO also requested substantiation of Mr. Davidson's assertion that health professionals, universities, and healthcare institutions comprise a very small percentage of Cronometer's business, but Mr. Davidson and Cronometer again never provided any such substantiation.  Notably, Mr. Davidson never raised any issues regarding a so-called "Common Foods database," which Trustwell never had or maintained in any event.  Trustwell denies the remainder of the allegations contained therein.

83.     In response to paragraph 83 of the counterclaims, Trustwell denies the allegations contained therein as a blatant misrepresentation.

Page 15     PLAINTIFF'S ANSWER TO COUNTERCLAIMS

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

DCAPDX\5411533.v1

84.    In response to paragraph 84 of the counterclaims, Trustwell responds that this paragraph references documents that speak for themselves, but which grossly misrepresent and mischaracterize the contents of such documents.

85.    In response to paragraph 85 of the counterclaims, Trustwell responds that this paragraph references documents that speak for themselves, but which grossly misrepresent and mischaracterize the contents of such documents.  Trustwell denies that it made any false statements.

86.    In response to paragraph 86 of the counterclaims, Trustwell responds that this paragraph references documents that speak for themselves, but which grossly misrepresent and mischaracterize the contents of such documents.  Trustwell denies the remainder of the allegations contained therein, including that it made any false statements.

87.    In response to paragraph 87 of the counterclaims, Trustwell responds that this paragraph references documents that speak for themselves, but which grossly misrepresent and mischaracterize the contents of such documents.  Trustwell denies that it made any false statements.

88.    In response to paragraph 88 of the counterclaims, Trustwell responds that this paragraph references documents that speak for themselves, but which grossly misrepresent and mischaracterize the contents of such documents.  Trustwell denies the remainder of the allegations contained therein, including that it made any false statements.

89.    In response to paragraph 89 of the Counterclaims, Trustwell responds that this paragraph references documents that speak for themselves.  Trustwell denies the remainder of the allegations contained therein, including that it made any false statements.

90.    In response to paragraph 90 of the Counterclaims, Trustwell responds that this paragraph references documents that speak for themselves, but which grossly misrepresent and mischaracterize the contents of such documents.   Again, for example, Trustwell's counsel

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

requested written confirmation – not compliance itself – by August 26, 2024, that Cronometer would comply with the mitigation steps outlined in the letter. Trustwell denies the remainder of the allegations contained therein, including, for example, the allegation that Trustwell's counsel indicated he was under a "client mandate" to file suit by August 26 – which is contradicted and disproven by Cronometer's own admission in paragraph 99 that Trustwell did not file suit until some three weeks later, on September 18, 2024.

91.    In response to paragraph 91 of the counterclaims, Trustwell admits that Cronometer did not agree to the mitigation steps Trustwell had outlined. Trustwell denies the remainder of the allegations contained therein.

92.    In response to paragraph 92 of the counterclaims, Trustwell responds that this paragraph references documents that speak for themselves.

93.    In response to paragraph 93 of the counterclaims, Trustwell responds that this paragraph references documents that speak for themselves.

94.    In response to paragraph 94 of the counterclaims, Trustwell responds that this paragraph references documents that speak for themselves.

95.    In response to paragraph 95 of the counterclaims, Trustwell responds that this paragraph references documents that speak for themselves.

96.    In response to paragraph 96 of the counterclaims, Trustwell responds that this paragraph references documents that speak for themselves. Trustwell denies the remainder of the allegations contained therein.

97.    In response to paragraph 97 of the counterclaims, Trustwell denies the allegations contained therein. Trustwell's CEO and Trustwell's counsel separately, repeatedly, and expressly requested that Cronometer provide copies of the emails Mr. Davidson and Cronometer's counsel referenced, along with anything else that Cronometer believes supports its position, including

Page 17    PLAINTIFF'S ANSWER TO COUNTERCLAIMS

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

during telephone discussions on July 25 and August 23, 2024, and in emails dated August 30, 2024. To date, Cronometer has provided nothing.

98.     In response to paragraph 98 of the counterclaims, Trustwell admits that it did conduct a search for emails that Mr. Davidson and Cronometer's counsel referenced, but found nothing supporting the position advanced by Cronometer. And to date, Cronometer has provided nothing, despite multiple requests by Trustwell's CEO and Trustwell's counsel. Trustwell denies the remainder of the allegations contained therein.

99.     In response to paragraph 99 of the counterclaims, Trustwell admits that it filed the instant action on September 18, 2024.

100.     In response to paragraph 100 of the counterclaims, Trustwell denies the allegations contained therein.

101.     In response to paragraph 101 of the counterclaims, Trustwell denies the allegations contained therein.

102.     In response to paragraph 102 of the counterclaims, Trustwell responds that this paragraph references the complaint in this case, which speaks for itself. Trustwell denies that it ever had or maintained separate "Branded Foods," "Restaurant," and "Common Foods" databases, and further denies that Cronometer never accessed, used, or licensed Trustwell's food and nutrition database.

103.     In response to paragraph 103 of the counterclaims, Trustwell responds that this paragraph references the complaint in this case, which speaks for itself. Trustwell denies that it ever had or maintained separate "Branded Foods," "Restaurant," and "Common Foods" databases, and further denies that Cronometer never accessed, used, or licensed Trustwell's food and nutrition database.

104.     In response to paragraph 104 of the counterclaims, Trustwell denies the allegations contained therein.

PLAINTIFF'S ANSWER TO COUNTERCLAIMS

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

105.    In response to paragraph 105 of the counterclaims, Trustwell responds that this paragraph references the complaint in this case, which speaks for itself. Trustwell denies the remainder of the allegations contained therein.

106.    In response to paragraph 106 of the counterclaims, Trustwell denies the allegations contained therein.

107.    In response to paragraph 107 of the counterclaims, Trustwell denies the allegations contained therein. This is yet another example of Cronometer's demonstrably false allegations. Trustwell's CEO and Trustwell's counsel each separately, repeatedly, and expressly requested copies of any emails that Cronometer believes support its position, including during telephone discussions on July 25 and August 23, 2024, and in emails dated August 30, 2024. To date, Cronometer has provided nothing.

108.    In response to paragraph 108 of the counterclaims, Trustwell responds that this paragraph asserts legal conclusions to which no response is necessary. Trustwell denies the remainder of the allegations contained therein.

109.    In response to paragraph 109 of the counterclaims, Trustwell responds that this paragraph asserts legal conclusions to which no response is necessary. Trustwell denies the remainder of the allegations contained therein.

110.    In response to paragraph 110 of the counterclaims, Trustwell responds that this paragraph asserts legal conclusions to which no response is necessary. Trustwell denies the remainder of the allegations contained therein.

111.    In response to paragraph 111 of the counterclaims, Trustwell responds that this paragraph asserts legal conclusions to which no response is required. Trustwell denies the remainder of the allegations contained therein.

112.    In response to paragraph 112 of the counterclaims, Trustwell responds that this paragraph asserts legal conclusions to which no response is required.

Page 19      PLAINTIFF'S ANSWER TO COUNTERCLAIMS

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

## COUNTERCLAIM I

113.   In response to paragraph 113 of the counterclaims, Trustwell incorporates by reference all of the above paragraphs of this answer as though fully stated herein.

114.   In response to paragraph 114 of the counterclaims, Trustwell denies that Cronometer is entitled to declaratory judgment that it is not liable for breach of contract, and further denies that this is a valid or proper counterclaim.

## COUNTERCLAIM II

115.   In response to paragraph 115 of the counterclaims, Trustwell incorporates by reference all of the above paragraphs of this answer as though fully stated herein.

116.   In response to paragraph 116 of the counterclaims, Trustwell denies that Cronometer is entitled to declaratory judgment that it is not liable for misappropriation of trade secrets under the Defend Trade Secrets Act, and further denies that this is a valid or proper counterclaim.

## COUNTERCLAIM III

117.   In response to paragraph 117 of the counterclaims, Trustwell incorporates by reference all of the above paragraphs of this answer as though fully stated herein.

118.   In response to paragraph 118 of the counterclaims, Trustwell denies that Cronometer is entitled to declaratory judgment that it is not liable for false advertising or false designation of origin under the Lanham Act, and further denies that this is a valid or proper counterclaim.

## COUNTERCLAIM IV

119.   In response to paragraph 119 of the counterclaims, Trustwell incorporates by reference all of the above paragraphs of this answer as though fully stated herein.

120.   In response to paragraph 120 of the counterclaims, Trustwell denies that Cronometer is entitled to declaratory judgment that it is not liable for misappropriation of trade

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

secrets under the Oregon Uniform Trade Secrets Act, and further denies that this is a valid or proper counterclaim.

<u>**COUNTERCLAIM V**</u>

121.    In response to paragraph 121 of the counterclaims, Trustwell incorporates by reference all of the above paragraphs of this answer as though fully stated herein.

122.    In response to paragraph 122 of the counterclaims, Trustwell denies that Cronometer is entitled to declaratory judgment that it is not liable for unlawful trade practices under Oregon Unlawful Trade Practices Act, and further denies that this is a valid or proper counterclaim.

<u>**COUNTERCLAIM VI**</u>

123.    In response to paragraph 123 of the counterclaims, Trustwell incorporates by reference all of the above paragraphs of this answer as though fully stated herein.

124.    In response to paragraph 124 of the counterclaims, Trustwell denies the allegations contained therein.

125.    In response to paragraph 125 of the counterclaims, Trustwell denies the allegations contained therein.

126.    In response to paragraph 126 of the counterclaims, Trustwell denies the allegations contained therein.

127.    In response to paragraph 127 of the counterclaims, Trustwell admits that Cronometer and its counsel have expressed to Trustwell and its counsel that Cronometer disagrees with Trustwell's claims and allegations.  However, Cronometer continues to refuse to provide any documentation to support or substantiate its position.  For example, Trustwell's CEO and Trustwell's counsel each separately, repeatedly, and expressly requested copies of any emails that Cronometer believes support its position, including during telephone discussions on July 25 and

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

August 23, 2024, and in emails dated August 30, 2024.  To date, Cronometer has provided nothing.
Trustwell denies the remainder of the allegations contained therein.

128.    In response to paragraph 128 of the counterclaims, Trustwell denies the allegations
contained therein.  Trustwell's CEO and Trustwell's counsel each separately, repeatedly, and
expressly requested copies of any emails that Cronometer believes support its position, including
during telephone discussions on July 25 and August 23, 2024, and in emails dated August 30,
2024.  To date, Cronometer has provided nothing.

129.    In response to paragraph 129 of the counterclaims, Trustwell denies the allegations
contained therein.

130.    In response to paragraph 130 of the counterclaims, Trustwell responds that this
paragraph asserts legal conclusions to which no response is required.  Trustwell denies the
remainder of the allegations contained therein.

131.    In response to paragraph 131 of the counterclaims, Trustwell denies the allegations
contained therein.

132.    In response to paragraph 132 of the counterclaims, Trustwell denies the allegations
contained therein, and further denies, generally and specifically, that it is liable to Cronometer for
any alleged damages and for any reason.

133.    In response to paragraph 133 of the counterclaims, Trustwell denies, generally and
specifically, that it is liable to Cronometer for any alleged damages and for any reason.  As for the
remaining allegations, Trustwell is without knowledge or information sufficient to form a belief
as to the truth of the allegations contained therein and, on that basis, denies, generally and
specifically, each and every allegation contained therein.

134.    In response to paragraph 134 of the counterclaims, Trustwell responds that this
paragraph asserts legal conclusions to which no response is required.  Trustwell denies the
remainder of the allegations contained therein.

PLAINTIFF'S ANSWER TO COUNTERCLAIMS

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

135.    In response to paragraph 135 of the counterclaims, Trustwell responds that this paragraph asserts legal conclusions to which no response is required.  Trustwell denies the remainder of the allegations contained therein.

136.    In response to paragraph 136 of the counterclaims, Trustwell responds that this paragraph asserts legal conclusions to which no response is required.  Trustwell denies the remainder of the allegations contained therein.

137.    In response to paragraph 137 of the counterclaims, Trustwell denies, generally and specifically, that it is liable to Cronometer for any alleged damages and for any reason, and further denies that it has violated the law in any way.   As for the remaining allegations, Trustwell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

138.    In response to paragraph 138 of the counterclaims, Trustwell responds that this paragraph asserts legal conclusions to which no response is required.  Trustwell denies the remainder of the allegations contained therein.

139.    In response to paragraph 139 of the counterclaims, Trustwell responds that this paragraph asserts legal conclusions to which no response is required.  Trustwell denies the remainder of the allegations contained therein.

## **PRAYER FOR RELIEF**

Trustwell denies, generally and specifically, that Cronometer is entitled to any damages or relief against Trustwell in any form or amount and for any reason whatsoever.

## **AFFIRMATIVE AND OTHER DEFENSES**

In response to Cronometer's counterclaims, Trustwell hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

Page 23      PLAINTIFF'S ANSWER TO COUNTERCLAIMS

## FIRST AFFIRMATIVE DEFENSE

### (LEGITIMATE BASIS)

As set forth in Trustwell's complaint in this action, there is, at an absolute minimum, an objectively reasonable legal basis and foundation for the claims asserted.

## SECOND AFFIRMATIVE DEFENSE

### (GOOD FAITH INTENT)

As set forth in Trustwell's complaint in this action, Trustwell and its representatives genuinely believe in the merits of the claims asserted, such that their good faith intent in filing and pursuing this action precludes antitrust liability.

## THIRD AFFIRMATIVE DEFENSE

### (NOERR-PENNINGTON DOCTRINE)

Because this action was filed and pursued with and for a legitimate purpose, as set forth in Trustwell's complaint in this action, Trustwell is immune from antitrust liability resulting therefrom.

## FOURTH AFFIRMATIVE DEFENSE

### (STANDING)

Cronometer lacks standing to assert its antitrust counterclaim because it suffered no antitrust injury, as set forth in Trustwell's complaint in this action.

## FIFTH AFFIRMATIVE DEFENSE

### (FAILURE TO MITIGATE DAMAGES)

Trustwell is informed and believes and thereon alleges that Cronometer failed to mitigate its purported damages, if any, including by continuing to access, use, and disclose Trustwell's database in violation of the terms, conditions, and protections of its license agreement with Trustwell, including after the license had expired, and in violation of federal and state law, as set forth in Trustwell's complaint in this action.

Page 24    PLAINTIFF'S ANSWER TO COUNTERCLAIMS

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

DCAPDX\5411533.v1

## SIXTH AFFIRMATIVE DEFENSE

### (CONTRIBUTORY/COMPARATIVE FAULT)

Trustwell is informed and believes and thereon alleges that any purported damages sustained by Cronometer were, at least in part, caused by the actions of Cronometer itself, and resulted from Cronometer's own wrongdoing and/or negligence, as set forth in Trustwell's complaint in this action, which equaled or exceeded any purported negligence or wrongdoing by Trustwell.

## SEVENTH AFFIRMATIVE DEFENSE

### (ESTOPPEL/LACHES)

Any purported damages which Cronometer may have suffered, which Trustwell continues to deny, were the direct and proximate result of the conduct of Cronometer, as set forth in Trustwell's complaint in this action. Therefore, Cronometer is estopped and barred from recovery.

## EIGHTH AFFIRMATIVE DEFENSE

### (UNCLEAN HANDS)

The counterclaims, and each claim therein, are barred by the doctrine of unclean hands, based on the conduct of Cronometer as alleged in Trustwell's complaint in this action. In addition, the demonstrably false allegations pled in support of the counterclaims reflect Cronometer's bad faith in asserting such counterclaims and violate Cronometer's and its counsel's obligations under Rule 11.

## NINTH AFFIRMATIVE DEFENSE

### (FAILURE TO STATE A CLAIM)

The declaratory relief counterclaims fail to plead a claim upon which relief may be granted because they merely seek a judgment of no liability as to each of Trustwell's claims. That is indistinguishable from a defense judgment on Trustwell's claims. As a result, the declaratory relief counterclaims are not actual counterclaims and thus are improper and invalid.

Page 25      PLAINTIFF'S ANSWER TO COUNTERCLAIMS

DCAPDX\5411533.v1

## RESERVATION OF RIGHTS

Trustwell reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## PRAYER FOR RELIEF

WHEREFORE, Trustwell prays as follows:

(1)     That Cronometer take nothing by virtue of its counterclaims herein and that the counterclaims be dismissed with prejudice in their entirety;

(2)     For costs of suit and attorneys' fees herein incurred; and

(3)     For such other and further relief as the Court may deem just and proper.


Dated:  January 7, 2025                    Respectfully submitted,

                                           **DUNN CARNEY LLP**

                                           _ s/ Brian R. Talcott _
                                           Brian R. Talcott, OSB 965371
                                           Email:  btalcott@dunncarney.com

                                           **JONES DAY**
                                           Cary D. Sullivan (*PHV app. pending*)
                                           Email: carysullivan@jonesday.com

                                           *Attorneys for Plaintiff*

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

DCAPDX\5411533.v1