Brian R. Talcott, OSB No. 965371
DUNN CARNEY LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204
Telephone: (503) 224-6440
Facsimile: (503) 224-7324
E-mail: btalcott@dunncarney.com

Cary D. Sullivan (*admitted Pro Hac Vice*)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: (949) 851-3939
Facsimile: (949) 553-7539
E-mail: carysullivan@jonesday.com

*Attorneys for Plaintiff*

Nika Aldrich, OSB No. 160306
Schwabe, Williamson & Wyatt, P.C.
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Facsimile: 206-292-0460
E-mail: naldrich@schwabe.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| ESHA RESEARCH, INC., now known as TRUSTWELL,<br><br>Plaintiff,<br><br>v.<br><br>CRONOMETER SOFTWARE, INC., formerly known as BIGCRUNCH CONSULTING, LTD., and DOES 1-20.<br><br>Defendants. | Civil No. 3:24-cv-01586-AB<br><br>**JOINT RULE 26(f) REPORT** |

Page 1
**JOINT RULE 26(F) REPORT**

NAI-1542987977v1

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the applicable Local Rules of the District of Oregon, Plaintiff ESHA Research, Inc., now known as Trustwell ("Trustwell"), and Defendant Cronometer Software, Inc., formerly known as BigCrunch Consulting, Ltd. ("Cronometer"), hereby submit a joint Rule 26(f) report, following the conference of counsel that took place on January 15, 2025.

The parties do not consent to assignment of this action to a Magistrate Judge.

## I. STATEMENT OF THE CASE

### A. Trustwell's Statement Of The Case

Trustwell is an industry leader in food and supplement formulation, recipe development, labeling, nutritional analysis, and regulatory compliance. Cronometer provides comprehensive nutrition-tracking apps for consumers and for healthcare businesses and institutions. From 2015 until 2024, Cronometer licensed portions of Trustwell's food and nutrition database pursuant to the terms, conditions, and protections of a limited-use license agreement. Trustwell alleges that Cronometer used the data it licensed in ways that breached the license agreement and constituted other forms of unlawful conduct. Trustwell filed suit in September 2024, seeking damages and injunctive relief based on five causes of action: 1) breach of contract; 2) trade secret misappropriation under the Defend Trade Secrets Act (18 U.S.C. § 1836, *et seq.*); 3) false advertising and false designation of origin under the Lanham Act (15 U.S.C. § 1125(a)); 4) trade secret misappropriation under the Oregon Uniform Trade Secrets Act (Or. Rev. Stat. § 646.461, *et seq.*); and 5) unlawful trade practices under the Oregon Unlawful Trade Practices Act (Or. Rev. Stat. § 646.605, *et seq.*). Cronometer has denied any wrongdoing.

Page 2
JOINT RULE 26(F) REPORT

NAI-1542987977v1

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

Cronometer answered Trustwell's complaint in December 2024, asserting six counterclaims for declaratory relief as to liability on each of Trustwell's five causes of action, and for federal antitrust violations on the theory that this lawsuit constitutes a sham litigation. Trustwell denies any wrongdoing.

### B.  Cronometer's Statement Of The Case

Cronometer is a small software developer based in Revelstoke, a small, mountain town of 8500 people in eastern British Columbia.  Its sole product line is the Cronometer app, which it sells in different iterations for consumers, wellness professionals (dieticians, nutritionists, fitness instructors, and the like), and a small number of institutions.  In 2015, as a start-up, it worked with Trustwell's predecessor to acquire two of its food/nutrition databases to use within its app, so customers could log food items and track their nutritional intake.  The information has always been publicly accessible at least to that extent, with Trustwell's consent.  Cronometer worked with Trustwell to ensure Trustwell agreed how Cronometer was providing the information to its users, provided screen-shots of how the information would be accessible and appear to consumers on the Cromoneter app, and showed Trustwell how the information was publicly attributed to Trustwell within the Cronometer app.  Trustwell never raised any objection, and instead collaborated with Cronometer, offering to write a joint press release and praising Cronometer for the app and how it incorporated Trustwell's database.  All was well for nine years, with Trustwell sending regular database updates to Cronometer for use.

In 2024, following an infusion of private equity money, Trustwell for the first time objected to Cronometer's use of the database, alleging breach of contract, misappropriation of trade secrets, and trademark infringement, all flowing from the fact that Cronometer was not

Page 3
JOINT RULE 26(F) REPORT

NAI-1542987977v1

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

using the database solely for private, internal purposes, but was making the database available to the public through the app—which Trustwell knew Cronometer was doing all along. Trustwell also alleged breach of a non-compete agreement because Cronometer also sells versions of its apps to professional users, but nothing in the alleged license agreement prohibits sales of the app to professional users—it only prohibits Cronometer from competing in the food/nutrition database licensing market. Cronometer alleges that Trustwell's complaint is objectively and subjectively baseless, and was instead filed as a sham litigation seeking to get a small but important competitor out of the market, so that Trustwell could increase its market share and gain monopoly power for one of its other products.

## II.    INITIAL DISCLOSURES

During the Rule 26(f) conference, the parties agreed to exchange initial disclosures, pursuant to Rule 26(a)(1), by January 29, 2025. The parties do not believe any changes are necessary to the timing, form, or requirement for initial disclosures.

## III.    PROPOSED DISCOVERY AND TRIAL SCHEDULE

### A.    Trustwell's Proposed Discovery And Trial Schedule

During the Rule 26(f) conference, the parties discussed discovery and trial scheduling. Trustwell initially proposed a shorter schedule than Cronometer proposed. Trustwell initially proposed a period of six months for written and document discovery. Cronometer's counsel responded that nine months would be more appropriate. In an effort to compromise, Trustwell has adopted below Cronometer's counsel's suggestion of a nine-month period for written and document discovery. However, Trustwell understands that Cronometer now intends to seek an even longer period. And to underscore its new position, just a few hours after completing the

Page 4
JOINT RULE 26(F) REPORT

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

NAI-1542987977v1

conference of counsel on January 15, 2025, Cronometer served its first set of document requests, consisting of *114 separate requests*, many of which contain subparts, and the majority of which seek wholly irrelevant documents and information, including by way of example confidential licensing terms between Trustwell and third parties, *all data that Trustwell has ever licensed to any third party*; *all of Trustwell's marketing and advertising*, and pricing, revenue, and profit information for *every product Trustwell has ever sold or licensed*. Suffice it to say Cronometer's scorched-earth litigation tactics will necessitate discovery motion practice.

Trustwell subsequently served a set of 89 document requests on Cronometer, and the parties recently exchanged initial interrogatories (Cronometer propounded four, although they contain multiple subparts; Trustwell propounded seven).

Trustwell further understands that Cronometer intends to request discovery phasing or sequencing, based on the notion that Cronometer does not understand what trade secrets are at issue here. That is nonsense. As defined throughout Trustwell's complaint (including in paragraphs 3, 4, 13, and 20), the data that Cronometer licensed and received from Trustwell, including by accessing Trustwell's food and nutrition database, constitutes the trade secrets at issue here. Certainly Cronometer knows what data it licensed and received from Trustwell. That is not difficult to ascertain. Moreover, as discussed above, Trustwell is also asserting non-trade secret claims here. And the discovery necessary for those claims mirrors that which is necessary for the trade secret claims. Simply put, there is no reasonable basis to order discovery phasing or sequencing in the first instance, let alone when that would cause substantial and unwarranted delay of discovery into non-trade secret claims (including Cronometer's own antitrust counterclaim).

Page 5
JOINT RULE 26(F) REPORT

NAI-1542987977v1

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

Unfortunately, it seems Cronometer's ultimate goal here is obstruction and delay. The Court should not countenance such efforts. Trustwell believes the discovery and trial schedule below is more than sufficient in this case.[1]

- Written and document discovery to be completed by October 31, 2025;

- Fact depositions to be completed by January 30, 2026;

- Expert discovery, including depositions, to be completed by April 30, 2026; and

- Trial to start approximately three months after completion of expert discovery, on or about August 3, 2026, or as soon thereafter as the Court may be available.

Trustwell does not presently anticipate any issues regarding disclosure, preservation or production of electronically stored information, or privilege. Trustwell does not anticipate seeking any changes regarding limitations on discovery. The parties will submit separately a proposed protective order.

B.   **Cronometer's Proposed Discovery And Trial Schedule**

Cronometer is generally agreeable to Trustwell's proposed dates for the close of written discovery (October 31, 2025), fact depositions (January 30, 2026), and the close of expert discovery (April 30, 2026). Trustwell's proposed trial date of three months after the close of expert discovery is not realistic because it does not provide sufficient time for summary judgment and/or *Daubert* briefing. Between the parties, a total of 34 claims and defenses have been asserted in this case. Invariably, the parties will be asking the Court to dispose of numerous

---

[1] With respect to the additional deadlines that Cronometer proposes below, Trustwell is amenable to the proposed expert and rebuttal expert disclosure deadlines. However, Trustwell takes issue with the rest of the proposed additional deadlines, including the purported unilateral discovery deadline, and the proposed additional six-month trial delay.

Page 6
**JOINT RULE 26(F) REPORT**

NAI-1542987977v1

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

issues following the close of discovery. Trustwell's proposed schedule also does not provide sufficient time for orderly pretrial disclosures following the Court's disposition of issues at summary judgment. Those issues, and a few additional deadlines for certain disclosures, are addressed in the proposed schedule below.

Cronometer also requests that discovery be phased pursuant to the typical practices of trade secrets litigation—solely so that Trustwell must first provide its contentions before taking discovery. This is a routine practice in this district, and will not result in any meaningful delay because interrogatories directed to this information have already been served.

A common problem in cases involving allegations of trade secrets misappropriation is the tendency of a plaintiff to file a complaint alleging that *some* form of vague and unspecified trade secret was misappropriated and then "mold its cause of action around the discovery it receives." *BioD, LLC v. Amnio Tech., LLC*, 2014 WL 3864658, at *5 (D. Ariz. Aug. 6, 2014). To avoid this well-recognized practice, "[n]umerous courts have held that a party alleging a claim for misappropriation of trade secrets is required to identify its alleged trade secrets with reasonable particularity before it will be allowed to compel discovery of its adversary's trade secrets." *Vesta Corp v. Amdocs Mgmt. Ltd.*, 147 F. Supp. 3d 1147, 1153, n.2 (D. Or. 2015) (collecting cases); *see also BioD*, 2014 WL 3864658, at *5 ("requiring the plaintiffs to state its claimed trade secrets prior to engaging in discovery ensures that it will not mold its cause of action around the discovery it receives."). Once that disclosure has been made, the plaintiff is entitled to discovery to see whether any of that information was indeed misappropriated. This Court has recognized a "growing consensus of courts around the country" that have adopted this approach. *Vesta*, 147 F. Supp. 3d at 1153 (quoting *StoneEagle Servs., Inc. v. Valentine*, 2013

Page 7
**JOINT RULE 26(F) REPORT**

NAI-1542987977v1

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

WL 9554563, at *2 (N.D.Tex. June 5, 2013)). Such an approach "is supported by strong practical and policy reasons, including the goal of assisting th[e] Court [] in determining relevancy and the scope of discovery . . . prevent[ing] a fishing expedition into Defendants' trade secrets, . . . deny[ing] Plaintiff the opportunity to craft a trade secret claim to fit the evidence from the Defendants, . . . prevent[ing] needless exposure of the defendant's trade secrets . . ., and allow[ing] well-investigated claims to proceed while discouraging meritless trade secret claims." *Id.* at 1153-54 (cleaned up, citations and quotations omitted).

These concerns are manifest here. For example, the parties do not agree even on what information Plaintiff allegedly provided to Cronometer. Plaintiff alleges throughout its pleadings that it sent Cronometer a database including "comprehensive nutritional breakdowns for up to 172 separate data fields . . . for more than 90,000 brand name and generic foods and ingredients." (ECF 1 ¶ 4.) Cronometer denies that and, in its counterclaims, alleges that such an allegation was knowingly false, contributes to rendering this lawsuit a sham, and gives rise to antitrust liability. (ECF 6 ¶¶ 102-103.) Cronometer alleges that "Trustwell knows that Cronometer never received a database of 90,000 items, or with 172 separate data fields, and therefore knows these allegations to be false." (*Id.* ¶ 104.) Cronometer alleges instead that the information it received from Trustwell was two much smaller databases, limited to branded foods and restaurant items. (*Id.* ¶ 102.)

In its own Answer, Trustwell doubled-down on its original allegation, insists it sent a database of 90,000 food items, and suggested it may file a motion pursuant to Rule 11 owing to the representations in Cronometer's counterclaims. (ECF 9, p. 2.)

Page 8
**JOINT RULE 26(F) REPORT**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

NAI-1542987977v1

Meanwhile, Cronometer has licensed nutrition data from a number of other sources, such that the information provided by Trustwell accounts for only a small percentage of Cronometer's total nutrition database, which has approximately 2 million food items. (ECF 6 ¶ 23.) Cronometer further alleges that most of the information in Trustwell's database is in fact publicly-available information, found on food labels, government databases, and elsewhere. (*Id.* ¶ 78.)

On January 17, 2025, Plaintiff sent its initial request for production of documents ("RFP"). It constitutes 89 sweeping requests for the production of documents that (i) would allow Trustwell to probe Cronometer's complete database of 2 million food items, including potential trade secret information that Cronometer obtained from third-party sources, (ii) allow Trustwell to explore Cronometer's own trade secrets, and (iii) amount to a fishing expedition. For example, Plaintiff asks for:

- "all data received from third parties," (RFP ¶ 77),
- "documents sufficient to identify all sources of data contained in the cumulative database underlying Cronometer's software" (RFP ¶ 52), and
- "all documents relating to Cronometer Pro and any related or subsequent version or iteration of that product." (RFP ¶ 84) (cleaned up).

In light of these concerns, the scope of Plaintiff's discovery demands, and the vagueness of Plaintiff's allegations here, Cronometer served its first set of four, targeted Interrogatories on Trustwell on January 23, 2025. They ask Trustwell to, *inter alia*, clearly define the alleged trade secrets that it claims Cronometer misappropriated. For example, Interrogatory No. 2 asks, "Describe with specificity the information that comprises each asserted trade secret that You

Page 9
JOINT RULE 26(F) REPORT

NAI-1542987977v1

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

allege Cronometer misappropriated." Also, because of the close relationship between Plaintiff's trade secret allegations and its breach of contract allegations, Interrogatory No. 1 asks Plaintiff to "Provide your contentions regarding any alleged breach of any contract between Cronometer and Trustwell, including identifying the specific obligation that was allegedly breached (with citation to the language in the alleged contract), all acts by Cronometer that allegedly breached that obligation, and identification of how those acts constituted a breach."

Given the circumstances of this case, Cronometer should not be required to produce any documents until Plaintiff provides its complete responses to Defendant's first two interrogatories, identifying its contentions with reasonable particularity, as is the common approach to trade secrets cases.[2]  Notably, this need not actually hold up any discovery.  This process can be swift, depending on how quickly Trustwell needs to identify its contentions.  Because the relevant interrogatories have already been served, with responses due by February 24, 2025, requiring Trustwell to identify these contentions does not meaningfully hold up document production efforts more than a few days.

    C.    **<u>Cronometer's Proposed Additions To Trustwell's Proposed Schedule</u>**

Defendant proposes the following additions to Trustwell's proposed schedule (agreed dates are highlighted below):

---

[2] Trustwell complains that Cronometer has sought information about Trustwell's licensing activities, including the data it has licensed to third parties.  Given its claims of trade secrets misappropriation, the extent to which Trustwell has allowed its data to become public through licensing that data to third parties is highly relevant to whether any of that information—or how much of that information—actually qualifies as a trade secret.

Page 10
**JOINT RULE 26(F) REPORT**

NAI-1542987977v1

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

| | |
|---|---|
| Service of Plaintiff's Responses to Defendants 1st Set of Interrogatories (Defendant's document production to commence thereafter) | February 24, 2025 |
| **Written and document discovery to be completed** | **October 31, 2025** |
| **Fact depositions to be completed** | **January 30, 2026** |
| Last day to serve expert disclosures concerning issues for which the party bears the burden of proof | February 27, 2026 |
| Last day to serve rebuttal expert disclosures | March 27, 2026 |
| **Expert discovery, including depositions, to be completed** | **April 30, 2026** |
| Last day to file summary judgment and *Daubert* motions | May 11, 2026 |
| Last day to file responses to summary judgment and *Daubert* motions | June 1, 2026 |
| Last day to file replies to summary judgment and *Daubert* motions | June 15, 2026 |
| Summary judgment hearing | At the Court's convenience, approximately August 2026 |
| Pretrial filings | Commencing approximately 30 days following issuance of the Court's summary judgment opinion |
| Trial | Approximately January 2027 |

## IV. ELECTRONIC SERVICE AGREEMENT

The parties agree to mutual service of discovery "by other electronic means," and that they have, through submission of this Report, "consented to in writing" service of discovery via

Page 11
**JOINT RULE 26(F) REPORT**

NAI-1542987977v1

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

e-mail pursuant to Fed. R. Civ. P. 5(b)(2)(E), provided the emails are sent to the following email addresses:

    To Trustwell:  carysullivan@jonesday.com; btalcott@dunncarney.com

    To Cronometer:  naldrich@schwabe.com; cronometercounsel@schwabe.com

Respectfully submitted,

Dated:  January 29, 2025

**DUNN CARNEY LLP**

  *s/ Brian R. Talcott*
Brian R. Talcott, OSB 965371
Email:  btalcott@dunncarney.com

**JONES DAY**
Cary D. Sullivan (*admitted Pro Hac Vice*)
Email:  carysullivan@jonesday.com

*Attorneys for Plaintiff*

Dated:  January 29, 2025

**SCHWABE, WILLIAMSON & WYATT, P.C.**

*s/ Nika Aldrich*
Nika Aldrich, OSB 160306
Email:  naldrich@schwabe.com

*Attorneys for Defendant*

Page 12
**JOINT RULE 26(F) REPORT**

NAI-1542987977v1

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

# CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of January, 2025, I caused to be served the foregoing **JOINT RULE 26(f) REPORT** on the following party via the following method(s):

**Nika Aldrich**
Email: naldrich@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Facsimile: 206-292-0460

*Attorney for Defendant Cronometer Software, Inc.*

by:
☐ U.S. Postal Service, ordinary first class mail
☒ electronic service
☐ other (specify): Email

**JONES DAY**

　/s/ Cary D. Sullivan
Cary D. Sullivan (*admitted Pro Hac Vice*)
Email: carysullivan@jonesday.com

Page 13
**JOINT RULE 26(F) REPORT**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

NAI-1542987977v1