| | |
|---|---|
| From: | Aldrich, Nika F. |
| To: | Jennifer Paget |
| Cc: | "carysullivan@jonesday.com"; Brian R. Talcott (btalcott@dunncarney.com); _Cronometer Counsel |
| Subject: | ESHA Research, Inc. v. Cronometer Software, Inc., Case No. 3:24-cv-01586-AB [IMAN-PDX.FID4648279] |
| Attachments: | image001.png |
| | image002.png |
| | Cronometer - [Proposed] Protective Order(1543078152.1).docx |

Judge Baggio,

We write jointly in relation to the above-referenced case and the Court's Order for the parties to collaborate in revising the proposed protective order. The parties have found agreement except for one issue. Their respective positions are provided below.

Cronometer's position

Defendant Cronometer respectfully requests a sentence to be added to the end of paragraph 8 that states as follows:

> Notwithstanding the restrictions in this paragraph 8, a document may be shown to its author(s) or any of its identified, original recipients, regardless how the document is marked, to the extent reasonably necessary to further the interest of the parties in this litigation.

This request was triggered by the Court's comments regarding Section 7(f), as previously drafted. Given the age of the documents at issue in this case, it is possible there will be communications between the parties that remain only in one party's possession. The concern is borne from the fact that, in large litigation, it is common for documents to be mis-designated with confidentiality or AEO designations, presumably inadvertently, sometimes as a result of batch-stamping the documents. To the extent any such communications between the parties are mis-designated, the parties should not have to go through an extensive process, and potentially reveal the nature of their investigation, their mental impressions, or their work product, before they can show such mis-designated documents to their original authors or recipients. There is no prejudice in allowing an original author or recipient to see their own document. Trustwell's concerns below are inapposite—this change would only allow an *original author* or *original recipient* to see the communication, not

other "employees."

Trustwell's position

Plaintiff Trustwell disagrees with Cronometer's new position, which runs contrary to the previous version of the protective order that the parties submitted (and to which Cronometer stipulated), as well as the District of Oregon's template two-tier protective order. Adding the requested sentence to the end of paragraph 8 would eliminate "Attorneys' Eyes Only" protection for any document so designated with respect to any employee of a party that created, shared, or received that document at any time and for any reason. Cronometer's hypothetical concern about mis-designating documents finds no support in the record here, and the protective order already provides a process to address and resolve any such issues in the future. As the Court is aware, Trustwell is asserting claims for trade secret misappropriation, among other misconduct. Enabling Cronometer to share Trustwell's highly sensitive trade secret information (produced under "Attorneys' Eyes Only" designation) with Cronometer's own employees, including CEO Aaron Davidson, simply because they may have shared that information with others or received that information from others renders essentially meaningless the "Attorneys' Eyes Only" protection, and potentially also facilitates further misappropriation. Given this substantial prejudice, Trustwell requests that the Court enter the attached protective order as is, without the additional sentence that Cronometer requests.

\*\*\*

A copy of the draft protective order, otherwise agreed between the Parties, is attached.

[Nika Aldrich](#)

Shareholder
D: (503) 796-2494
C: (206) 778-9678
naldrich@schwabe.com

