**Nika Aldrich**, OSB #160306
Email: naldrich@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Facsimile: 206-292-0460

*Attorney for Defendant*
*Cronometer Software, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ESHA RESEARCH, INC.**, now known as **TRUSTWELL**,<br><br>                    Plaintiff,<br><br>     vs.<br><br>**CRONOMETER SOFTWARE, INC.**, formerly known as **BIGCRUNCH CONSULTING, LTD.**, and **DOES 1-20**,<br><br>                    Defendants. | No. 3:24-cv-01586-AB<br><br>**CRONOMETER SOFTWARE, INC.'S MOTION TO AMEND THE STIPULATED PROTECTIVE ORDER**<br><br>**ORAL ARGUMENT REQUESTED** |

## LOCAL RULE 7-1 CERTIFICATION

Counsel for Defendant Cronometer Software, Inc. ("Cronometer") hereby certifies that the undersigned counsel conferred with counsel for Trustwell ("Plaintiff"), and that Plaintiff's counsel stated that it opposes this motion.

Page 1 -    CRONOMETER SOFTWARE, INC.'S MOTION TO
            AMEND THE STIPULATED PROTECTIVE ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460

## MOTION

Pursuant to the Court's Order entered on March 14, 2025 (ECF 19), Cronometer respectfully moves the Court to modify paragraph 8 of the proposed Stipulated Protective Order[1] to allow documents marked "Attorneys' Eyes Only" to be shown to those in category 7(f): "authors and original recipients of the documents."

## ARGUMENT

On March 14, 2025, the Court Ordered the parties to submit a stipulated protective order that complies with the Court's newly updated template. (ECF 19.) The parties submitted an updated protective order on March 21, 2025. (ECF 27.)

The Court's Protective Order template has two tiers. Paragraph 7 identifies those individuals who may view documents marked "Confidential." It includes, as section 7(f), "The authors and the original recipients of the documents." Paragraph 8 identifies those who may view documents marked "Attorneys' Eyes Only." It excludes 7(f), thus restricting documents marked "Attorneys' Eyes Only" from being seen by their authors and original recipients.

Many of the most critical witnesses in this case are former employees of Plaintiff, including its co-founder, its former Director of Sales, and others who have recently left the sales department. Assuredly, there will be countless emails and other documents produced by Trustwell in this case that were authored by or sent to these individuals who, because they are former employees, no longer fit in any other category in paragraph 7 of the Protective Order. Assuredly, Trustwell will mark some of their internal communications "Attorneys' Eyes Only."

---

[1] The Court ordered the parties to submit a protective order as "Stipulated," notwithstanding a disagreement about one of its terms. (ECF 19.) Cronometer complied with the Court's Order, but seeks amendment of that term pursuant to leave offered by the Court in its Order. The entry of the Protective Order as "Stipulated" is not a concession as to that term.

Page 2 -   CRONOMETER SOFTWARE, INC.'S MOTION TO
            AMEND THE STIPULATED PROTECTIVE ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460

Cronometer should be permitted to share with these individuals their own documents—either at deposition or otherwise, and regardless how they are designated—without seeking special permission from either Trustwell or the Court. Moreover, having to request advanced relief to show Trustwell's former employees *their own documents* would require Cronometer's counsel to disclose its work product, including the selection of documents it believes are compelling. *See, e.g.*, *Sporck v. Peil*, 759 F.2d 312 (3d Cir. 1985) (attorney's selection of documents in preparation for deposition is protected work product); *In Re Pradaxa Prods. Litig.*, 2013 WL 1776433, at *3 (S.D. Ill. Apr. 25, 2013) (same, "Disclosure of such material could reveal an attorney's thought processes and therefore should be afforded work-product protection.")

Furthermore, there is no harm in allowing individuals to see their own documents. Accordingly, this Court is among numerous courts around the country that have allowed documents designated "Attorney's Eyes Only" to be shared with original authors or recipients of a document. *See, e.g.*, *Edwards Vacuum LLC v. Hoffman Instrumentation Supply, Inc.*, 2020 WL 7360682, at *3 (D. Or. Dec. 15, 2020) (Simon, J.); *Zurich Am. Ins. Co. v. ASF Intermodal, LLC*, 2021 WL 1131577, at *3 (S.D.N.Y. Mar. 23, 2021) (access to "Attorneys' Eyes Only" documents in paragraph 8 includes category 7(f) ("The authors and the original recipients of the documents"); *Klauber Bros., Inc. v. Amazon.com, Inc.*, 2023 WL 3763796, at *3 ¶ (9) (C.D. Cal. June 1, 2023); *MidCap Bus. Credit, LLC v. MidCap Fin. Trust*, 2023 WL 5928358, at *4 ¶ (11) (S.D.N.Y. Sept. 12, 2023); *Unicredito Italiano SPA v. JP Morgan Chase Bank*, 2003 WL 22960199, at *3 ¶ (9) (S.D.N.Y. Apr. 18, 2003); *Multistate Holdings, Inc. v. TJIX Co., Inc.*, 2023 WL 8553696, at *4 ¶ (6)(c)(5) (W.D. Ark. Dec. 11, 2023); *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 250 (D. Kan. 2010); *Beach v. JD Lumber, Inc.*, 2009 WL 3060208, at *6

Page 3 -    CRONOMETER SOFTWARE, INC.'S MOTION TO
             AMEND THE STIPULATED PROTECTIVE ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax: 206-292-0460

(D. Ida. Sept. 22, 2009). In *Layne Christensen*, for example, the Court in a patent case considered dueling proposed protective orders, and whether the named inventor, who was a party to the case, could see documents marked "Attorneys Eyes Only." The Court ultimately adopted the more conservative approach, but continued to allow the inventor to see all documents for which he was one of the "[t]he original authors, drafters, addressees, or recipients of the Document." 271 F.R.D. at 250.

## CONCLUSION

For these reasons, the Court should modify paragraph 8 of the Protective Order to include category 7(f), as follows:

> 8. Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 7(a), 7(b), 7(d), 7(e), **7(f),** 7(g) and 7(h), unless additional persons are stipulated by counsel or authorized by the Court.

Dated this 26th day of March, 2025.

Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.

*s/ Nika Aldrich*
Nika Aldrich, OSB #160306
Email: naldrich@schwabe.com

*Attorney for Defendant Cronometer Software, Inc.*

Page 4 -   CRONOMETER SOFTWARE, INC.'S MOTION TO AMEND THE STIPULATED PROTECTIVE ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax: 206-292-0460