Brian R. Talcott, OSB No. 965371
DUNN CARNEY LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204
Telephone: (503) 224-6440
Facsimile: (503) 224-7324
E-mail: btalcott@dunncarney.com

Cary D. Sullivan (*admitted Pro Hac Vice*)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: (949) 851-3939
Facsimile: (949) 553-7539
E-mail: carysullivan@jonesday.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| ESHA RESEARCH, INC., now known as TRUSTWELL,<br><br>Plaintiff,<br><br>v.<br><br>CRONOMETER SOFTWARE, INC., formerly known as BIGCRUNCH CONSULTING, LTD., and DOES 1-20.<br><br>Defendants. | Civil No. 3:24-cv-01586-AB<br><br>**PLAINTIFF TRUSTWELL'S OPPOSITION TO DEFENDANT CRONOMETER'S MOTION TO COMPEL FURTHER TRADE SECRET IDENTIFICATION** |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL**

## INTRODUCTION

At base, Cronometer seeks two things through its motion to compel ("Motion").  First, "[t]o the extent Trustwell relies on specific data in a database [as constituting trade secrets], it should so identify that specific information."  (Motion at 2.)  As set forth below, Trustwell already has.  Second, "[t]o the extent Trustwell relies on a compilation of data as its trade secrets, it should produce the compilation(s)."  (*Id*.)  Once discovery begins, Trustwell will.

The rest of Cronometer's motion is misplaced.  Cronometer cites and applies the wrong legal standard, relying on inapposite and out-of-district cases, and ignoring the well-established standard for trade secret identification at the outset of a case.  Cronometer demonstrates in multiple ways that it fully understands the trade secrets at issue.  And Cronometer makes several irrelevant merits arguments that serve only to undermine its position and emphasize the sufficiency of Trustwell's trade secret identification.  Cronometer has taken every opportunity to obstruct and delay this case, apparently concerned about what discovery will reveal.  This Motion is just the latest effort.  The Court should not countenance such obstruction.  Trustwell's trade secret identification is more than sufficient.  It is time for discovery to begin.

## RELEVANT BACKGROUND

As set forth in Trustwell's complaint, Cronometer entered into a limited-use license agreement with Trustwell in 2015, to access and use Trustwell's proprietary and confidential food and nutrition database.  Cronometer represented that it would use the data for "its own internal nutritional analyses."  The license agreement authorized Cronometer to "obtain and use a copy of [Trustwell's] Database for [Cronometer's] own internal nutritional analysis needs."  Trustwell and Cronometer renewed the license agreement each year – and Cronometer paid licensing fees to Trustwell each year[1] – until the license expired in 2024.

---

[1] That Cronometer paid licensing fees to Trustwell every year for a decade demonstrates the falsity of Cronometer's suggestion that it obtained or could obtain the very same data from other sources, (Motion at 4), including publicly available sources.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

Unbeknownst to Trustwell, Cronometer was secretly leveraging Trustwell's data to create a competing product through which it repackaged Trustwell's confidential and proprietary data. Cronometer then turned around and sold Trustwell's data as Cronometer's own, including to some of Trustwell's own clients. Whether styled as trade secret misappropriation, breach of contract, false advertising, false designation of origin, or unlawful trade practices (all claims pled in the complaint), Cronometer's conduct was and remains unlawful.

Cronometer answered Trustwell's complaint in December 2024. Cronometer did not move to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Cronometer did not move for a more definite statement under Rule 12(e). Cronometer even asserted affirmative defenses challenging the protectability of the trade secrets at issue. At no point until discovery was set to begin did Cronometer raise any issue with the trade secret allegations in Trustwell's complaint.

Trustwell then specifically identified the trade secrets at issue, in response to Cronometer's Interrogatory No. 2:

> [T]he data contained in Trustwell's master food and nutrition database that Cronometer licensed from Trustwell . . . and that Trustwell originally provided to Cronometer … on approximately February 13, 2015, with subsequent, periodic updates provided to Cronometer on the [*fifteen*] dates below.

(ECF No. 22, Ex. 10.)

In subsequent correspondence between counsel, Trustwell confirmed that "the entirety of the dataset that Trustwell provided to Cronometer on the identified dates constitutes the trade secrets at issue." (ECF No. 17, Ex. A.) As Trustwell's counsel explained:

> That provides more than sufficient specificity for Cronometer to understand precisely what data is at issue, and to pull those precise files from its records (the only files that were transmitted from Trustwell to Cronometer on the identified dates). We are unable to further define in writing a dataset that contains tens of thousands of entries with countless data fields for each entry and that changes over time.

(*Id.*)

Page 2

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL**

In his declaration in support of this Motion, Cronometer's CEO, Aaron Davidson, confirmed that Trustwell provided the original database to Cronometer on February 13, 2015. (ECF No. 21, ¶ 8.)  He even confirmed the manner in which Trustwell provided the data to Cronometer: the files were transmitted "in CSV format.  'CSV' stands for Comma Separated Values, a common way of saving databases, wherein commas are used to separate each data field."  (*Id*.)  Mr. Davidson further confirmed that, following the original database, Trustwell "sent updated databases on a semi-annual basis, including additional foods."  (*Id*., ¶ 13.) ***Nowhere in his declaration does Mr. Davidson state or imply that Cronometer does not understand Trustwell's trade secret identification***.

## ARGUMENT

### A.    Cronometer cites and applies the wrong legal standard.

To begin, Trustwell previously identified in the parties' Joint Status Report the proper legal standard for identification of trade secrets at the outset of a case.  (ECF No. 17 at 7-9.) Cronometer ignores that settled point of law, citing and relying instead on out-of-district cases addressing ordinary discovery disputes and merits challenges.  This is neither an ordinary discovery dispute nor a merits challenge.  Cronometer's authority is misplaced.

As the Ninth Circuit explained, "[a]t this stage, particularly where no discovery whatsoever had occurred . . . [the plaintiff's] burden is only to identify at least one trade secret with sufficient particularity to create a triable issue."  *InteliClear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d 653, 659 (9th Cir. 2020).  While *InteliClear* is a summary judgment case, no discovery had taken place and the defendant was challenging the sufficiency of the trade secret identification.  *Id*. at 655.  The Ninth Circuit made clear that trade secret identification at the outset of a case is a low bar to clear, and that ***"[r]efining trade secret identifications through discovery makes good sense*.**"  *Id*. at 662 (emphasis added).

The District of Oregon has repeatedly affirmed this settled point of law, requiring only that a trade secret description be "sufficient to put defendant on notice of the nature of plaintiff's

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL**

**DUNN CARNEY ALLEN HIGGINS & TONGUE
LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

claim and enable defendant to determine the relevancy of any requested discovery, at least to allow this case to proceed past the pleading stage." *Sennco Sols., Inc. v. Mobile Techs., Inc.*, 2020 WL 8836070, at *3 (D. Or. Dec. 21, 2020) (citing *Redfin Corp. v. iPayOne.com, Inc.*, 2018 WL 1397482, at *2 (W.D. Wash. Mar. 20, 2018) (denying motion for protective order "where the plaintiff's trade secret allegations provided enough information 'to give Redfin notice of what issues may arise later in this litigation as well as the scope of appropriate discovery'")); *see also Quaiz v. Rockler Retail Grp., Inc.*, 2017 WL 960360, at *3 (D. Or. Mar. 13, 2017) (reasonable particularity requires "'a description of the trade secrets at issue that is sufficient to (a) put a defendant on notice of the nature of the plaintiff's claims and (b) enable the defendant to determine the relevancy of any requested discovery concerning its trade secrets'") (quoting *Vesta Corp. v. Amdocs Mgmt. Ltd.*, 147 F. Supp. 3d 1147, 1155 (D. Or. 2015)).

By any measure, Trustwell has met this standard. In its trade secret identification, Trustwell identified the entirety of the dataset that it provided to Cronometer, pursuant to the limited-use license agreement, including by each of the sixteen dates of transmission between 2015 and 2024. (ECF No. 22, Ex. 10.) As Trustwell previously explained, there is simply no other way to identify a dataset containing tens of thousands of entries, with countless data fields for each entry, that changes over time. Cronometer's CEO confirmed that Cronometer received each of the database updates, and even confirmed the manner in which Trustwell transmitted the data to Cronometer. (ECF No. 21, ¶¶ 8, 13.) There can be no legitimate question that Trustwell's trade secret identification is sufficient.

Cronometer's authority is inapposite. In *ED&F Cap. Markets Ltd. v. JVMC Holdings Corp.*, for example, the Northern District of Illinois addressed the sufficiency of trade secret definitions in standard interrogatory responses, mid-discovery, after "31,000 pages of documents

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL**

**DUNN CARNEY ALLEN HIGGINS & TONGUE
LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

ha[d] already been produced."  2020 WL 3469128, at *6 (N.D. Ill. June 25, 2020).[2]  Similarly, in *Regents of University of California v. Aisen*, the Southern District of California addressed the sufficiency of trade secret definitions in standard interrogatory responses in the midst of discovery.  2016 WL 11783768, at *5-7 (S.D. Cal. Oct. 14, 2016).  While in *Agency Solutions.com, LLC v. TriZetto Grp., Inc.*, the Eastern District of California addressed the sufficiency of trade secret definitions in a motion for preliminary injunction, "[f]ollowing expedited discovery," including substantial document production.  819 F. Supp. 2d 1001, 1013, 1017 (E.D. Cal. 2011).

Cronometer does not cite a single case – in this District or any other – addressing the sufficiency of trade secret identification at the outset of a case.  Given that Trustwell previously cited several such cases in the Joint Status Report, (ECF No. 17 at 7-9), Cronometer's continuing refusal to address this standard cannot be an oversight.  The cases that Cronometer cites rely on the basic principle outlined by the Ninth Circuit in *InteliClear*—that discovery **"provides an iterative process where requests between parties lead to a refined and sufficiently particularized trade secret identification."**  978 F.3d at 662.  Trustwell does not dispute that principle.  But it simply does not apply here.  The Court stayed discovery at Cronometer's request.  Until discovery proceeds, Cronometer's authority has no application.

**B.**     **Cronometer has repeatedly demonstrated its knowledge of the trade secrets at issue**.

Cronometer has unwittingly demonstrated its knowledge of the trade secrets at issue in multiple ways.  ***First***, on July 12, 2024, just three days after receiving Trustwell's initial cease-and-desist letter, Cronometer reported that it had "segregated and isolated Trustwell's dataset from its system."  (ECF No. 17, Ex. B)  Cronometer also attached to this Motion (under seal) "the March 2022 database files provided [by Trustwell]."  (ECF No. 20 at 6)  As Mr. Davidson,

---

[2] In a string cite, Cronometer also cites *Climax Portable Mach. Tools, Inc. v. Trawema, GmbH*, 2020 WL 7406540 (D. Or. Dec. 17, 2020).  That case addressed the sufficiency of trade secret definitions in standard interrogatory responses during jurisdictional discovery.  *Id*. at *2-4.  That also does not apply here.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL**

Cronometer's CEO, confirmed, those files comprise the database update that Trustwell sent to Cronometer "in March 2022." (ECF No. 21, ¶ 9.) That database update, provided on or about March 7, 2022, is included in Trustwell's trade secret identification. (ECF No. 22, Ex. 10.)

Mr. Davidson also confirmed that Cronometer received the original database on February 13, 2015, and the semi-annual database updates thereafter. (ECF No. 21, ¶¶ 8, 13.) Each of those updates is included in Trustwell's trade secret identification. (ECF No. 22, Ex. 10.) Mr. Davidson even confirmed the manner in which Trustwell provided the data – CSV format – to Cronometer. (ECF No. 21, ¶ 8.) Mr. Davidson and Cronometer thereby confirm that they understand Trustwell's trade secret identification and can readily identify the original database and subsequent database updates included therein. *Indeed, Mr. Davidson has never stated that he or Cronometer do not understand the trade secrets at issue*. That Cronometer may not have retained all of the data is irrelevant.

Cronometer argues that Trustwell should be compelled to "provide its answers *and databases* before any further discovery." (Motion at 12 (emphasis added)). But Cronometer cites no authority for the proposition that it is somehow entitled to one-way, pre-discovery document production—and there is no such authority. As Trustwell previously explained, it will re-produce each of the database updates in the ordinary course of discovery. (ECF No. 17 at 8, fn. 10.) But such production is neither warranted nor appropriate during the discovery stay that Cronometer requested.

***Second***, as the District of Oregon explained, the sufficiency of a plaintiff's trade secret identification at the outset of a case can also be demonstrated by the defendant's litigation conduct. *Nike, Inc. v. Enter Play Sports, Inc.*, 305 F.R.D. 642, 646 (D. Or. 2015).

> Where the defendant "answered the Complaint … did not move under the Federal Rules of Civil Procedure to dismiss the Complaint for failure to state a claim under Rule 12(b)(6) and did not move, or alternatively move, for a more definite statement under Rule 12(e)," and challenged the protectability of the alleged trade secrets, the

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL**

**DUNN CARNEY ALLEN HIGGINS & TONGUE
LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

> "claimed trade secrets must have been sufficiently clear to [the defendant] to permit [the defendant] to make these assertions."

*Id.* (finding Nike's "specifications of the trade secrets at issue to be sufficient, at least to permit discovery to proceed"); *see also Quaiz*, 2017 WL 960360, at *3 (finding the plaintiff sufficiently identified its trade secrets to allow discovery to proceed where the defendant answered the complaint, did not move to dismiss for failure to state a claim, did not move for a more definite statement, and asserted affirmative defenses).

Cronometer checks all of those boxes here.  It answered Trustwell's complaint.  (ECF No. 6.)  It did not move to dismiss for failure to state a claim under Rule 12(b)(6).  It did not move for a more definite statement under Rule 12(e).  It asserted affirmative defenses, including that "some or all of [Trustwell's] alleged Trade Secrets were readily ascertainable," and "[Trustwell's] causes of actions are barred, in whole or in part, by the doctrine of independent creation."  (*Id.* at 12).  And, as discussed below, Trustwell argues in this Motion that the trade secrets at issue are not protectable.  In other words, Trustwell's trade secret identification must be sufficiently clear to enable Cronometer to make those assertions.  *See Nike, Inc.*, 305 F.R.D. at 646; *Quaiz*, 2017 WL 960360, at *3.

## C.   <u>Cronometer's merits arguments are irrelevant and actually undermine its position</u>.

Cronometer spends several pages in its Motion purporting to challenge the protectability of the trade secrets at issue.  For example, Cronometer argues, "whether through the doctrines of waiver, consent, acquiescence, estoppel, laches, or the mere fact that Trustwell took no measures whatsoever to maintain its databases as a secret … any suggestion that any of that data constitutes a trade secret is frivolous."  (Motion at 3-4.)  Of course, Cronometer cites no evidence to support this conclusory – and false – assertion.

Cronometer also cites the Eastern District of Pennsylvania for the proposition that "information that the plaintiff allows to be posted on the Internet loses any protection as a trade secret."  (Motion at 9-10.)  That case involved a plaintiff that posted its own information on the Internet.  *Arkeyo, LLC v. Cummins Allison Corp.*, 342 F. Supp. 3d 622, 630-32 (E.D. Pa. 2017).

Page 7

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

Even Cronometer does not make such an extreme argument here.

Merits arguments like these are wholly irrelevant to the issue of whether Trustwell's trade secret identification is sufficient to allow discovery to proceed.  "[W]hether the combination of elements that make up [Trustwell's] trade secret were publicly known or otherwise part of the public domain . . . is a factual question better resolved in subsequent proceedings." *Sennco*, 2020 WL 8836070, at *5 (citing *Mattel, Inc. v. MGA Entm't, Inc.*, 782 F. Supp. 2d 911, 962-63 (C.D. Cal. 2011)).

In fact, Cronometer's merits arguments serve only to emphasize the sufficiency of Trustwell's trade secret identification.  *See Nike, Inc.*, 305 F.R.D. at 646 (the "claimed trade secrets must have been sufficiently clear to [the defendant] to permit [the defendant] to make these assertions"); *Quaiz*, 2017 WL 960360, at *3.

Nevertheless, Trustwell feels compelled to clarify the law as it relates to compilation trade secrets.  "Unlike a patent, novelty is not required for information to be protected as a trade secret, and independent discovery by another does not preclude protection." *Amvac Chem. Corp. v. Termilind, Ltd.*, 1999 WL 1279664, at *4 (D. Or. Aug. 3, 1999) (citing *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 476 (1974); and *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)).  "It does not matter if a portion of the trade secret is generally known, or even that every individual portion of the trade secret is generally known, so long as the combination of all such information is not generally known." *O2 Micro Intern. Ltd. v. Monolithic Power Sys., Inc.*, 420 F. Supp. 2d 1070, 1089-90 (N.D. Cal. 2006); *see also Mattel, Inc.*, 782 F. Supp. 2d at 962-63 (same).  The confidential and proprietary food and nutrition data that Cronometer licensed from Trustwell, pursuant to the limited-use license agreement, constitutes classic compilation trade secrets.

## CONCLUSION

For all of the reasons above, the Court should put an end to this continuing obstruction and delay, deny Cronometer's Motion, and allow discovery to begin.

Page 8

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL**

Dated:  March 28, 2025                    Respectfully submitted,

                                          **DUNN CARNEY LLP**

                                          _ s/  Brian R. Talcott___
                                          Brian R. Talcott, OSB 965371
                                          Email:  btalcott@dunncarney.com

                                          **JONES DAY**
                                          Cary D. Sullivan (*admitted Pro Hac Vice*)
                                          Email: carysullivan@jonesday.com

                                          *Attorneys for Plaintiff*

Page 9

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL**

**DUNN CARNEY ALLEN HIGGINS & TONGUE
LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of March, 2025, I caused to be served the foregoing

**PLAINTIFF TRUSTWELL'S OPPOSITION TO DEFENDANT CRONOMETER'S**

**MOTION TO COMPEL FURTHER TRADE SECRET IDENTIFICATION** on the

following party via the following method(s):

**Nika Aldrich**
Email: naldrich@schwabe.com
SCHWABE, WILLIAMSON & WYATT,
P.C.
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Facsimile: 206-292-0460

by:
☐ U.S. Postal Service, ordinary first class mail
☒ electronic service
☐ other (specify)  Email

*Attorney for Defendant*
*Cronometer Software, Inc.*

**DUNN CARNEY LLP**

_ s/ Brian R. Talcott __
Brian R. Talcott, OSB 965371
Email:  btalcott@dunncarney.com

**JONES DAY**
Cary D. Sullivan (*admitted Pro Hac Vice*)
Email: carysullivan@jonesday.com

**PLAINTIFF'S OPPOSITION TO**
**DEFENDANT'S MOTION TO COMPEL**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324