Brian R. Talcott, OSB No. 965371
DUNN CARNEY LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204
Telephone: (503) 224-6440
Facsimile: (503) 224-7324
E-mail: btalcott@dunncarney.com

Cary D. Sullivan (*admitted Pro Hac Vice*)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: (949) 851-3939
Facsimile: (949) 553-7539
E-mail: carysullivan@jonesday.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| ESHA RESEARCH, INC., now known as TRUSTWELL, <br><br> Plaintiff, <br><br> v. <br><br> CRONOMETER SOFTWARE, INC., formerly known as BIGCRUNCH CONSULTING, LTD., and DOES 1-20. <br><br> Defendants. | Civil No. 3:24-cv-01586-AB <br><br> **PLAINTIFF TRUSTWELL'S OPPOSITION TO DEFENDANT CRONOMETER'S MOTION TO AMEND STIPULATED PROTECTIVE ORDER** |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO AMEND**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

## INTRODUCTION

Through its motion to amend the protective order ("Motion"), Cronometer seeks to allow documents and information designated "Attorneys' Eyes Only" ("AEO") under the protective order ("Protective Order," ECF No. 29) to be shared with "authors and original recipients of the documents."

Cronometer offers nothing but speculation and conjecture in support of its Motion. Cronometer argues that such amendment is necessary to enable it to question various former Trustwell employees about unspecified materials that Trustwell "[a]ssuredly" will designate AEO. Cronometer provides no details regarding the content or import of any such materials, and Trustwell has not produced or designated any such materials. And, of course, the Protective Order already provides a way for parties to dispute inappropriate confidentiality designations.

As Trustwell understands it, the truth is that Cronometer wants to share some of Trustwell's most sensitive materials with Cronometer's CEO, Aaron Davidson. Mr. Davidson, however, has demonstrated that he and Cronometer cannot be trusted with Trustwell's AEO materials. Cronometer fails to establish good cause to amend the Protective Order and, as set forth below, its own conduct provides ample reason to deny the Motion.

## ARGUMENT

As set forth in Trustwell's complaint, Cronometer entered into a limited-use license agreement with Trustwell in 2015, to access and use Trustwell's proprietary and confidential food and nutrition database. Pursuant to that license, Trustwell sent Mr. Davidson, on behalf of Cronometer, food and nutrition data and database updates for a decade. That license expired in 2024. Upon expiration of the license, Cronometer, including Mr. Davidson, was no longer authorized to possess, access, or use any portion of Trustwell's food and nutrition database for any reason.

On August 22, 2024, following an initial cease-and-desist letter, Trustwell wrote to Cronometer to demand the return of all of Trustwell's confidential and proprietary materials,

Page 1

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO AMEND**

**DUNN CARNEY ALLEN HIGGINS & TONGUE
LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

including the food and nutrition data and database updates. Section 12(b) of the license agreement provided that, upon demand, Cronometer "shall … immediately surrender" to Trustwell all such materials. (ECF No. 1, ¶ 18.) In its answer to the complaint, Cronometer admitted receiving this demand to "immediately surrender to Trustwell" all such materials. (ECF No. 6, ¶ 84.) Unfortunately, notwithstanding its express obligation to do so, Cronometer has not surrendered or returned anything to Trustwell.

Cronometer has, however, represented multiple times that it destroyed all of the food and nutrition data and database updates that it received from Trustwell. For example, just last month, in its motion to compel further trade secret identification, Cronometer stated as follows:

> It should be noted that, when Trustwell first sent it a cease-and-desist letter last summer, Cronometer immediately withdrew the ability for its users to choose foods in the [Trustwell] databases, and ***it has since deleted the [Trustwell] databases from its system entirely***.

(ECF No. 20 at 7 (emphasis added).) But as Mr. Davidson unwittingly demonstrated, that representation is false.

In support of Cronometer's motion to compel further trade secret identification, Mr. Davidson submitted a sworn declaration in which he stated as follows:

> After a reasonable investigation, Cronometer does not appear to have accessible the original database files that were sent from [Trustwell] in 2015. ***I located the files that were sent in March 2022 and forwarded them to our counsel***.

(ECF No. 21, ¶ 9 (emphasis added).)

Of course, had Cronometer actually "deleted the [Trustwell] databases from its system entirely," (ECF No. 20 at 7), Mr. Davidson could not have "located the files that were sent in March 2022 and forwarded them to [Cronometer's] counsel." (ECF No. 21, ¶ 9.) In other

Page 2

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO AMEND**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

words, not only did Mr. Davidson contradict his company's express representation of destruction, he also admitted retaining at least portions of Trustwell's food and nutrition database—long after Cronometer's license expired, without any legal right or contractual authorization to do so, and in contravention of Trustwell's demand to surrender all such materials.

Cronometer has demonstrated a continuing disregard for the confidentiality of Trustwell's food and nutrition database. More than six months into this lawsuit, Mr. Davidson evidently still possesses at least portions of the database. Cronometer has thus demonstrated that it simply cannot be trusted with Trustwell's most sensitive materials. Its own conduct provides ample reason to deny this Motion.

In addition, Cronometer offers nothing but rank speculation about unspecified, "countless emails and other documents" that Trustwell "[a]ssuredly" will designate as AEO and that "were authored by or sent to" various "former employees of [Trustwell] … and others." (Motion at 2.) Cronometer offers no facts or details to support this conjecture. Speculation and conjecture do not amount to good cause.

The Protective Order already provides for a dispute resolution process in the event "a party believes that any documents or materials have been inappropriately designated by another party." (Protective Order, ¶ 11.) That is more than sufficient to address any disputes that may arise in the future, particularly given that Cronometer has not identified any actual disputes to date.

## CONCLUSION

For the reasons above, the Court should deny Cronometer's Motion.

Page 3

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO AMEND**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

Dated:  April 9, 2025

Respectfully submitted,

**DUNN CARNEY LLP**

  s/  Brian R. Talcott
Brian R. Talcott, OSB 965371
Email:  btalcott@dunncarney.com

**JONES DAY**
Cary D. Sullivan (*admitted Pro Hac Vice*)
Email: carysullivan@jonesday.com

*Attorneys for Plaintiff*

Page 4

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO AMEND**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324

# CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of April, 2025, I caused to be served the foregoing **PLAINTIFF TRUSTWELL'S OPPOSITION TO DEFENDANT CRONOMETER'S MOTION TO AMEND STIPULATED PROTECTIVE ORDER** on the following party via the following method(s):

**Nika Aldrich**
Email: naldrich@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Facsimile: 206-292-0460

*Attorney for Defendant Cronometer Software, Inc.*

by:
- ☐ U.S. Postal Service, ordinary first class mail
- ☒ electronic service
- ☐ other (specify)  Email

**DUNN CARNEY LLP**

  *s/ Brian R. Talcott*
Brian R. Talcott, OSB 965371
Email:  btalcott@dunncarney.com

**JONES DAY**
Cary D. Sullivan (*admitted Pro Hac Vice*)
Email: carysullivan@jonesday.com

Page 5

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO AMEND**

**DUNN CARNEY ALLEN HIGGINS & TONGUE LLP**
Attorneys at Law
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
503.224.6440 / Fax: 503.224.7324