Brian R. Talcott, OSB No. 965371
DUNN CARNEY LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204
Telephone: (503) 224-6440
Facsimile: (503) 224-7324
E-mail:  btalcott@dunncarney.com

Cary D. Sullivan (*admitted Pro Hac Vice*)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612
Telephone: (949) 851-3939
Facsimile:  (949) 553-7539
E-mail:  carysullivan@jonesday.com

*Attorneys for Plaintiff*

**Nika Aldrich**, OSB #160306
Email: naldrich@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Facsimile: 206-292-0460

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| ESHA RESEARCH, INC., now known as TRUSTWELL,<br><br>                Plaintiff,<br><br>v.<br><br>CRONOMETER SOFTWARE, INC., formerly known as BIGCRUNCH CONSULTING, LTD., and DOES 1-20.<br><br>                Defendants. | Civil No. 3:24-cv-01586-AB<br><br>**JOINT STATUS REPORT** |

JOINT STATUS REPORT

Submitted herewith under seal is Trustwell's further amended description of its alleged trade secret in response to Cronometer's Interrogatory No. 2. The answer further responds to the Court's requirement that, "[i]f Plaintiff is alleging its trade secrets are entirely compilation trade secrets, it must identify 'the steps in the process and explain[] how those steps make the method or process unique.'" Trustwell is asserting only a compilation trade secret in this action, and therefore has provided its response to the Court's requirement.

While Cronometer contests that the identified compilation is a trade secret, Cronometer does not object to Trustwell's answer as a sufficient description of the allegedly misappropriated trade secret in this case.[1]

Dated:  May 6, 2025

SCHWABE, WILLIAMSON & WYATT, P.C.

*s/ Nika Aldrich*
Nika Aldrich, OSB #160306
Email: naldrich@schwabe.com

*Attorney for Defendant Cronometer Software, Inc.*

---

[1] Cronometer objects to Trustwell's Court-Ordered description of what allegedly makes the compilation unique. Trustwell has now conceded in both of its interrogatory responses that it provided only a subset of its master nutrition database to Cronometer, and the alleged trade secret is only that subset of data. (*See* ECF 17, p. 3, ECF 25 (Ex. 10), p. 4 ("The trade secret information that Trustwell alleges Cronometer misappropriated . . . is the data contained in Trustwell's database . . that Trustwell [] provided to Cronometer."); *accord* Apr. 30 Trade Secrets Disclosure p. 4.) However, Trustwell's answer to the Court's Order describes the complete database. For example, consistent with its Complaint, Trustwell's answer refers to a database with more than 170 data fields. (*See* ECF 1, ¶ 4; *accord* Apr. 30 Trade Secrets Disclosure p. 5, ¶ 2.) Trustwell never provided a database with that many data fields to Cronometer. Accordingly, Trustwell's answer—to the extent it supposedly describes what makes the alleged trade secret unique—is inaccurate. However, Cronometer believes that fact can be borne out during discovery, and does not need to be resolved in order to proceed to discovery.

Page 1 -    JOINT STATUS REPORT

| | |
|---|---|
| Dated: May 6, 2025 | **DUNN CARNEY LLP**<br><br>  *s/ Cary D. Sullivan* (by permission)  <br>Brian R. Talcott, OSB 965371<br>Email:  btalcott@dunncarney.com<br><br>**JONES DAY**<br>Cary D. Sullivan (*admitted Pro Hac Vice*)<br>Email: carysullivan@jonesday.com<br><br>*Attorneys for Plaintiff Trustwell* |